848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BROMLEY CONTRACTING CO., INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1029.
 United States Court of Appeals, Federal Circuit.
 May 26, 1988.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MICHEL, Circuit Judge.
 COWEN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Department of Housing and Urban Development Board of Contract Appeals (Board), Bromley Contracting Co., HUD BCA No. 85-969-C3, 87-3 BCA p 20,024 (July 15, 1987), denying the appellant's (Bromley's) appeal is vacated and the case is remanded to the Board for further proceedings.
 
 OPINION
 
 2
 In this government contract case, the contractor was paid $885,000, on February 24, 1984, in settlement of the amount claimed on forty (40) change orders covering extra work performed by the contractor on an apartment building. On October 12, 1984, and again on February 25, 1985, the contractor made written requests for reformation of this settlement agreement because of an alleged mutual mistake of fact. The requests for reformation were filed with the original contracting officer, Olshaniwsky. Bromley claimed that in the negotiations for the settlement of the amounts claimed to be due on the change orders, an arithmetical error amounting to $18,127 was made in the computation of four of the change orders. This was the mutual mistake of fact upon which Bromley relied for reformation of the contract.
 
 
 3
 In its decision of July 15, 1987, the Board held that Bromley had failed to establish that there was a mutual mistake of fact in the settlement of the change orders and that Bromley had accepted a check, dated February 24, 1984, in the amount of $885,000 in full settlement and as a final payment due on the contract. The original contracting officer who negotiated the settlement, Olshaniwsky, died before the hearing. The Board relied on his deposition of April 9, 1985, in which he stated that the $885,000 was a lump-sum compromise, which was not negotiated on the basis of item-by-item in the change orders.
 
 
 4
 However, there is evidence in the record that on or about July 1, 1985, the contracting officer advised the government's attorney that the case had been settled and that he would pay the contractor the $18,127 claimed. The government's attorney then notified Bromley's attorney of the agreed settlement, and on July 3, 1985, Bromley's representative notified the Board that the contractor had been informed that the government had conceded Bromley's entitlement to prevail on its claim. Therefore, Bromley requested the Board to hold the case in abeyance until the paperwork was completed. All of this was confirmed in a prehearing conference on September 23, 1985, in which the administrative judge entered an order reciting that the government's attorney had informed the Board that payment of the claim had not been processed only because the contracting officer had had a heart attack. It was also recited in the prehearing conference order that the government's attorney indicated that he would act promptly to have Bromley paid the amount of the claim.
 
 
 5
 However, there is no reference in the Board's decision to any of the transactions or pertinent events that occurred on or after July 1, 1985. Consequently, the court concludes that it cannot decide the appeal on the basis of the Board's decision, and remands the case with instructions that the Board make additional findings of fact and conclusions of law specifically, including the following:
 
 
 6
 1. On or about July 1, 1985, did the former contracting officer decide to reopen the claim and settle the case and did he agree to pay the contractor its claim of $18,127?
 
 
 7
 2. Assuming that the answer to the first question is in the affirmative, was the former contracting officer's agreement to settle the case and pay the claim valid and binding upon the successor contracting officer?
 
 
 8
 If deemed necessary the Board may, in its discretion hear additional evidence and/or may require the parties to submit additional briefs or other material.